# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JASON GOODWILL,

          Plaintiff,

-vs-                                      Case No.   12-CV-1093

CITY OF SHEBOYGAN, OFFICER JOHN WINTER,
OFFICER JOEL CLARK, OFFICER JEFF JOHNSTON,
POLICE CHIEF KIRK, NICOLE JOHNSON,
ART DIEDRICH, JUDGE SUTKIEWICZ,
JOSEPH DECECCO, NATHAN HABERMAN,
JOEL URMANSKI, GARY LANGHOFF,
JUDGE STENGLE, JUDGE GUOKAS,
MIKE LITKE, and ERIC HELMKE,

          Defendants.

## SCREENING ORDER

        The plaintiff, a former Wisconsin state prisoner, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $5.68.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

2

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at Fox Lake Correctional Institution when he filed the complaint. He has been released and now resides in Michigan. The plaintiff is

3

suing a variety of defendants, including the City of Sheboygan, Wisconsin; three officers and a police chief; a district attorney and assistant district attorney; three judges; and two press agents.

According to the complaint, for years until 2008, a group of "corrupt cops were involved in numerous felonious acts, including racial hate crimes." (Compl. ¶ IV.A.) When the scandal broke, the press buried most of the facts. Also, the court and District Attorney failed to prosecute, and witnesses were threatened, run out of town, or falsely imprisoned. The conspirators were permitted to resign and, in some cases, received promotions. Falsified police reports, evidence tampering, coercion, death threats, and burglary were all inflicted upon the plaintiff. He claims that the defendants violated several federal crimes and he seeks monetary damages, prosecution of the conspirators, and expungement of his records.

Here, although the plaintiff filed the complaint on a civil rights complaint form, the substance of his allegations demonstrate that he seeks to bring criminal charges against the defendants. However, the Executive Branch has the "exclusive authority and absolute discretion to decide whether to prosecute cases." *United States v. Nixon*, 418 U.S. 683, 693 (1974). Further, a private citizen, such as the plaintiff, has no standing to sue based on any interest in prosecution of another. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, plaintiff may not proceed on a criminal claim against the defendants.

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d

4

711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. *Neitzke v. Williams*, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #8) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for return of property (Docket #10) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion to appoint counsel (Docket #14) is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $344.32 balance of the filing fee to the Clerk of Court.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2013.

**SO ORDERED,**

_____
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**